**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|   |   |
|---|---|
| APP GROUP INTERNATIONAL LLC,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO'S BISTRO & CAFÉ, LLC, et al.,<br><br>Defendants. | Civil Action No. 18-10244 (MAS) (DEA)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Plaintiff APP Group International LLC's ("Plaintiff") unopposed Motion to Reopen the Case and Enforce the Settlement Agreement. (ECF No. 43.) The Court has carefully considered Plaintiff's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

On July 11, 2018, Plaintiff filed a four-count Amended Complaint against Defendants Antonio's Bistro & Café LLC, doing business as Antonio's Pizzeria & Restaurant, ("Antonio's Bistro"), Giuseppe Savarese ("Savarese"), Antonio's Too, Inc. ("Antonio's Too"), and Stuart Gatz (collectively, "Defendants"). (*See generally* Am. Compl., ECF No. 8.) Plaintiff alleges it entered into three separate "Merchant Agreements" with Antonio's Bistro and Savarese on or about January 27, 2017, February 14, 2017, and March 3, 2017, respectively. (*Id.* ¶ 16.) Under the Merchant Agreements, Plaintiff purchased 15% of Antonio's Bistro's "total future accounts receivable, up to the sums of $81,950, $59,000, and $116,250.00[,] respectively (the 'Purchase Amounts'), for the purchase prices of $55,000, $40,000, and $75,000.00, respectively (the 'Purchase Prices')." (*Id.* ¶ 17.)

Plaintiff asserts that on March 10, 2017, Antonio's Bistro "defaulted under the Merchant Agreements, and soon thereafter, [Plaintiff] filed three Judgments of Confession[] against"

Antonio's Bistro and Savarese. (Pl.'s Moving Br. 3, ECF No. 43-1; *see also* Am. Compl. ¶¶ 32–33.) According to Plaintiff, on May 18, 2017, a "judgment was entered against . . . Antonio's Bistro and Savarese, jointly and severally, in New York Supreme Court, County of Erie, in the amount of $135,004.94 (the 'Judgment')[.]" (Am. Compl. ¶ 38.) Plaintiff alleges the Judgment was "domesticated in New Jersey for the purpose of executing on the assets of the Defendants located in New Jersey." (*Id.*) Plaintiff asserts a sheriff's sale was scheduled for March 22, 2018 to satisfy the Judgment, but, unbeknownst to Plaintiff, Antonio's Bistro "allegedly 'sold' substantially all of its equipment/assets, but none of its liabilities, to" Antonio's Too. (*Id.* ¶¶ 39–40.)

In its Moving Brief, Plaintiff details settlement discussions that occurred between Plaintiff and Antonio's Too from July 2019 to February 2020. (Pl.'s Moving Br. 3–4.) Plaintiff maintains that the parties reached a settlement agreement on February 24, 2020. (*Id.* at 4.) Under the alleged settlement agreement, Antonio's Too would pay Plaintiff $25,000 within five days of signing the settlement agreement. (*Id.*) Thereafter, Antonio's Too would make weekly payments of $1,586.54 for 104 weeks to satisfy the remaining balance under the Merchant Agreements. (*Id.* at 4–5.) During a telephone status conference with the Court that same day, "the parties reported that the case had settled and they were working on the closing paperwork." (*Id.* at 5.)

On February 25, 2020, the Court administratively terminated the action for sixty days pending consummation of the settlement agreement. (ECF No. 39.) During the sixty-day termination period, Plaintiff asserts it received little to no response from Antonio's Too about finalizing the agreement. (Pl.'s Moving Br. 5–6.) On June 16, 2020, having not heard from the parties regarding consummation of the settlement agreement, the Court reopened the matter and entered an order of dismissal with prejudice. (ECF No. 40.) Plaintiff now seeks to reopen the matter

and enforce the purported settlement agreement reached on February 24, 2020. (*See* Pl.'s Moving Br. 7–13.)

"The stakes in summary enforcement of a settlement agreement and summary judgment on the merits of a claim are roughly the same—both deprive a party of [its] right to be heard in the litigation." *Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir. 1991). Courts, therefore, treat a motion to enforce a settlement under the same standard as a motion for summary judgment, and grant the motion when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to enforcement of the agreement as a matter of law. *Id.* at 1032. Furthermore, a settlement agreement between parties in a lawsuit is a contract and, therefore, governed by state contract law. *Jacob's Limousine Transp., Inc. v. City of Newark*, 688 F. App'x 150, 151 (3d Cir. 2017); *Excelsior Ins. v. Pennsbury Pain Ctr.*, 975 F. Supp. 342, 348–49 (D.N.J. 1996). Under New York law,[1] "[a] valid contract exists where there is a manifestation of mutual asset to a bargained for exchange." *Locator of Missing Heirs, Inc. v. Kmart Corp.*, 33 F. Supp. 2d 229, 232 (W.D.N.Y. 1999). "Without agreement, express or implied in fact, there can be no contract. Without a contract there can be no breach of the agreement or a failure to perform the contractual duty with care." *Ez-Tixz, Inc. v. Hit-Tix*, 969 F. Supp. 220, 223 (S.D.N.Y. 1997) (citation omitted).

Here, Plaintiff asserts that Antonio's Too agreed to all the terms of the alleged settlement agreement. (Pl.'s Moving Br. 12.) In support of this assertion, however, Plaintiff merely provides e-mail correspondence in which its counsel sent Antonio's Too a copy of the proposed settlement agreement, followed up in an effort to "get this done" and "wrapped up," and ultimately did not

---

[1] Plaintiff asserts that "[p]ursuant to the Merchant Agreements . . . , the substantive law of New York controls the disputes herein[.]" (Am. Compl. ¶ 15.)

3

receive a response or consummation of the proposed agreement. (*See generally* Parties' E-Mail Correspondence *4–56,[2] Exs. A–G to Pl.'s Mot., ECF No. 43-3.) Without more, Plaintiff fails to demonstrate that Antonio's Too assented to the terms of the proposed settlement agreement. Because the evidence does not establish Plaintiff's entitlement to enforcement of the settlement agreement, the Court will deny Plaintiff's request. Given, however, Antonio Too's apparent disregard for Plaintiff's repeated attempts to consummate the settlement agreement, the Court finds Plaintiff has shown good cause for reopening the matter. Accordingly,

IT IS on this 31st day of March 2021, **ORDERED** that:

1. Plaintiff's Motion to Reopen the Case and Enforce the Settlement Agreement (ECF No. 43) is **GRANTED** in part and **DENIED** in part.
2. Plaintiff's request to enforce the settlement agreement between the parties is **DENIED**.
3. Plaintiff's request to reopen the case is **GRANTED**.
4. The Clerk shall reopen the case.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[2] Page numbers preceded by an asterisk refer to the page number on the ECF header.

4